# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHN C. PETERSON,

    *Petitioner*,

vs.

UNITED STATES OF AMERICA,

    *Respondent*.

2:14-cv-00180-LDG-GWF

ORDER

This closed matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#11) to reinstate, which, construed liberally, seeks to extend or reopen the time to appeal and/or to reopen the action.

### *Background*

On February 11, 2014, the Court denied petitioner's pauper application without prejudice and directed petitioner to either pay the $5.00 habeas filing fee or submit a properly completed pauper application within thirty days of the order.

By an order and final judgment entered on March 19, 2014, the Court dismissed the action without prejudice for petitioner's failure to timely comply with the prior order and thereby satisfy the filing fee requirement. The dismissal order noted that petitioner was not in physical custody and that the prison mailbox rule did not apply to determine the timeliness of his responses in the case.

On March 28, 2014, the Clerk's service copy of the March 19, 2014, order and judgment was returned with a notation reflecting "attempted – not known; unable to forward" at the address that petitioner had given for service.

1   On June 6, 2014, petitioner filed an unsigned notice of appeal.

2   On August 7, 2014, the Court of Appeals denied a certificate of appealability (COA)
3   because the notice of appeal had not been timely filed.

4   On August 19, 2014, petitioner filed the present motion.

5   *Discussion*

6   ***Extension or Reopening of the Time to Appeal***

7   Petitioner has not satisfied the requirements either for extending the time to file a
8   notice of appeal or to reopen the time to appeal.

9   ***Extension under Rule 4(a)(5)(A)***

10   Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure (FRAP) provides as
11   follows:

12   (5) Motion for Extension of Time.

13   (A) The district court may extend the time to file a notice of appeal if:

15   (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

17   (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

20   FRAP 4(a)(5).

21   Petitioner's August 19, 2014, motion was filed well past thirty days after the sixty-day
22   time for filing a notice of appeal under FRAP 4(a)(1)(B) expired on Monday, May 19, 2014,
23   in the action naming the United States as respondent. The August 19, 2014, motion – in and
24   of itself – therefore was untimely under the rule.

25   The Court, however, construes petitioner's June 6, 2014, notice of appeal also as a
26   motion for extension of time to file a notice appeal under FRAP 4(a)(5). *See United States*
27   *v. Withers*, 638 F.3d 1055, 1061 (9th Cir. 2011). So construed, the June 6, 2014, filing
28   presented a timely motion for extension of time under FRAP 4(a)(5)(i).

The Court finds, however, that petitioner failed to show either excusable neglect or good cause for the extension under FRAP 4(a)(5)(ii).

With regard to excusable neglect, the Court must consider the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the moving party's conduct was in good faith. *See Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004)(*en banc*).

As backdrop to the Court's consideration of these factors, petitioner asserts, both in the June 6, 2014, filing and the August 19, 2014, motion, that he learned of the entry of judgment on May 12, 2014, when he obtained a printout of the docket sheet from the Clerk.[1] This date was a week before the appeal time expired on May 19, 2014.

Petitioner presents no facts tending to establish that the service copy of the March 19, 2014, judgment improperly was returned in the mail from the service address that he gave. Petitioner points to the fact that the Clerk did not remail the service copy, but the Clerk has no obligation to remail papers returned from the service address given by a litigant to the same address a second time.[2]

Even if the Court assumes *arguendo* that the service copy of the March 19, 2014, dismissal was returned in the mail in error, petitioner nonetheless obtained knowledge of the

---

[1] See # 6, at electronic docketing pages 36 & 46-47; #11, at electronic docketing pages 9 & 24-28.

[2] In cases with incarcerated petitioners, the Clerk often does consult the state corrections department website's inmate search feature to determine whether the inmate has been transferred and then remails the paper to the transferee facility. In contrast, the petitioner in this case was not incarcerated, and the Las Vegas address that he gave was at a flexible-stay facility renting by, *inter alia*, the week. The Clerk does not have the capability to track the current whereabouts of proper person litigants after mail is returned and does not have the obligation to remail to the same service address a second time after court mail that has been returned. When the Clerk is unable to determine a new address as in the case of an incarcerated litigant, the Clerk typically notes on the docket that the paper was not remailed, as there is no different address to which to remail.

Petitioner refers to a notice of change of address. The exhibit that he attaches was filed in another case before this action even was filed. See #11, at electronic docketing page 26. It has no bearing on either the returned mail in this case or petitioner's failure to timely appeal, other than to confirm his ability to file a notice of change of address.

final judgment prior to the expiration of the time to appeal. However, he did not file a notice of appeal or seek other relief before the time expired. The address given by petitioner is approximately a mile from the federal courthouse, and, as noted, he is not in custody. He can directly physically access the intake window at the Clerk's Office to file papers.

Against this factual backdrop, the Court does not find that petitioner has demonstrated excusable neglect.

To be sure, there is no prejudice to the opposing party over and above that from continued pendency of the litigation itself, which is not considered. The length of the delay between May 19, 2014, and June 6, 2014, was short. There is no impact on the judicial proceedings from the delay to June 6, 2014, over and above the continued pendency of the litigation itself, which again is not considered. Nor has petitioner acted in bad faith, such as in using the delay to secure an unwarranted advantage.

However, petitioner simply has no reason for his delaying filing of a notice of appeal until after the appeal time expired – rather than instead filing a timely notice of appeal on or before May 19, 2014, after he learned of the final judgment on May 12, 2014. Rules allowing for an extension of time to file based upon a showing of excusable neglect contemplate "that courts would be permitted, where appropriate, to accept late filings *caused* by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 388 (1993)(emphasis added). The returned mail (even if *arguendo* in error, which was not established) did not cause petitioner to not file a notice of appeal timely. He could have filed a timely appeal at any time from May 12, 2014, through May 19, 2014, and he had no reason to wait instead to June 6, 2012. Delayed notice of judgment does not in and of itself provide a litigant *carte blanche* to ignore an approaching appeal deadline and let it pass without proceeding forward or otherwise seeking relief. *Cf. Pioneer*, 507 U.S. at 387-88 (outlining the range of explanations for a party failing to meet a deadline, from circumstances beyond their control, through having a good reason, through "cases where the party misses a deadline through inadvertence, miscalculation, or negligence," through disregarding the deadline.)

1  Accordingly, after considering all of the *Pioneer* factors, both weighing for and against
2  a finding of excusable neglect generally, the Court does not find that petitioner has
3  demonstrated that he failed to meet the appeal deadline through excusable neglect.
4  For substantially the same reasons, the Court does not find that petitioner
5  demonstrated good cause.
6  An extension under FRAP 4(a)(5) therefore is denied based on the June 6, 2014, filing.
7  ***Reopening Under Rule 4(a)(6)***
8  A district court otherwise may reopen the time to file an appeal only if all of the
9  conditions of FRAP 4(a)(6) are satisfied.
10  The relevant provision states in full:

> (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

21  FRAP 4(a)(6).
22  In the present case, *inter alia*, the August 19, 2014, motion was filed more than 14
23  days after petitioner received notice of the entry of judgment on May 12, 2014. The August
24  19, 2014, motion thus is untimely in and of itself under FRAP 4(a)(6)(B). Moreover,
25  petitioner's June 6, 2014, filing, when construed also as a motion to reopen the appeal under
26  FRAP 4(a)(6)(B), also was untimely because it was filed more than 14 days after petitioner's
27  notice of the judgment on May 12, 2014.
28  A reopening of the time to appeal under FRAP 4(a)(6) therefore also is denied.

1    Petitioner otherwise has not demonstrated a basis for relief with regard to his untimely
2 appeal.  Petitioner in the main presents a stream of consciousness recital of apparent case
3 descriptions from a federal case digest.  None of the recited case descriptions are apposite
4 to the present case.  For example, cases deeming a notice of appeal filed *nunc pro tunc* when
5 the Clerk actually received the notice of appeal have no bearing on this case.  The Clerk
6 received and filed petitioner's notice of appeal – which was unsigned but which carried a June
7 6, 2014, date[3] – on June 6, 2014.  If the Court were to deem the paper filed on the date that
8 it was received – which is what the record already in fact reflects – the June 6, 2014, notice
9 of appeal nonetheless would be untimely.  Nor was petitioner's appeal dismissed due to any
10 failure to pay the appellate filing fee.  A COA instead was denied because the appeal was
11 untimely.  Nor is there any question as to whether the Court directed entry of final judgment.
12    The motion therefore will be denied insofar as it seeks to extend and/or reopen the
13 time to appeal.

   ***Reopening the Action***

15    Petitioner further has not presented a viable basis for vacating the judgment of
16 dismissal and reopening the action.
17    Petitioner refers to allegedly having tendered $5.00 to the Clerk at some unspecified
18 time and the Clerk not accepting the money.[4]  If petitioner *arguendo* is referring to a point in
19 time prior to the dismissal of the action, he could not simply do nothing if the filing fee,
20 allegedly, was tendered but not accepted.  He would have to file a paper in the record seeking
21 an extension of time to comply and/or other relief.  He did not seek such relief at any time
22 prior to entry of judgment or thereafter.  Petitioner, once again, may not simply let a deadline
23 under a rule or court order pass with no action on the record.  If petitioner instead is referring
24 to the Clerk's refusal to accept a tendered $5.00 partial payment toward the $505.00
25 appellate fee, then that circumstance had nothing to do with the dismissal of the action.

---

27    [3]See #6, at electronic docketing page 43.
28    [4]#11, at electronic docketing page 2.

1       The motion therefore will be denied to the extent to which petitioner seeks to reopen
2 this action.[5]
3       IT THEREFORE IS ORDERED that petitioner's motion (#11) to reinstate is DENIED.
4 This action has been – and remains – closed.
5       IT FURTHER IS ORDERED that, to the extent required in this procedural context, a
6 certificate of appealability is DENIED.

DATED: Aug 21, 2014

_____
LLOYD D. GEORGE
United States District Judge

---

[5] This action was properly dismissed without prejudice based upon the record presented. The Court notes that petitioner sought to challenge herein in a petition filed in a Nevada federal court against the United States of America as the sole respondent: (a) Texas state convictions entered more than two decades ago in 1992; and (b) a 2011 Las Vegas municipal court misdemeanor conviction for littering on which petitioner was sentenced to 30 hours of community service and a $50.00 fine, with the fine later being waived. Petitioner thus was proceeding in particular as to the Texas convictions in the wrong federal court against the wrong respondent on a challenge that likely was time-barred on its face if there were habeas jurisdiction based on continued custody in the first instance. Petitioner further was proceeding at the very least against the wrong respondent with regard to the misdemeanor conviction, assuming *arguendo* sufficient extant custody for purposes of habeas jurisdiction when the federal action was filed. In all events, this action was properly dismissed without prejudice based upon the record presented.

-7-